UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES NATHANIEL WATTS,<br><br>　　　　Defendant. | Case No. 14-cr-40063-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant James Nathaniel Watts' Motion for Discovery of Information Concerning the Confection of the Grand and Petit Jury Venire (Doc. 131). The Government has responded to the motion (Doc. 193), and Watts has replied to that response (Doc. 203).

The Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. § 1861 *et seq.*, requires the random selection of individuals from a fair cross section of the community to sit on federal juries. 28 U.S.C. § 1861. To help ensure juries are properly selected, JSSA provides for public inspection, reproduction and copying of of certain documents used in connection with the jury selection process for the purpose of preparing or presenting a motion challenging compliance with JSSA in the jury selection process. Disclosure of such documents is permitted pursuant to the district court plan or as necessary for the motion. 28 U.S.C. § 1867(f).

The Plan for the Random Selection of Jurors (Revised November 2011) ("2011 Jury Plan") and the Plan for the Random Selection of Jurors (Revised September 2015) ("2015 Jury Plan") for the United States District Court for the Southern District of Illinois provides for disclosure of certain documents relating to selection of jurors:

> The contents of records used by the Clerk in connection with the jury selection process *during the life of the master wheel*, including juror qualification questionnaires, shall not be disclosed or made available to the public or media, except to challenge compliance with selection procedures, pursuant to 28 U.S.C. § 1867(f).
>
> *After the master jury wheel is emptied and refilled*, and after all persons selected to serve as jurors before the master wheel was emptied have completed their service, all records and papers compiled and maintained by the Clerk before the master wheel was emptied shall be preserved in the custody of the Clerk for four years or next cyclical audit, whichever is longer, and shall be available for public inspection for the purpose of determining the validity of the selection of any jury. . . .

2011 Jury Plan at 8; 2015 Jury Plan at 8 (emphasis added). As the italicized language suggests, there are different standards depending on whether the master jury wheel about which information is sought is still active.

Watts was indicted in June 2014 by the grand jury that was selected in August 2013 from the 2013 Benton Master Jury Wheel. The 2013 Benton Master Jury Wheel and the August 2013 grand jury were selected according to the 2011 Jury Plan. The 2013 Benton Master Jury Wheel was emptied and refilled in 2015, and all jurors from the 2013 Benton Master Jury Wheel have completed their service. Thus, records and papers relating to jury selection from the 2013 Benton Master Jury Wheel are available for inspection pursuant to the second paragraph quoted above.

Watts is scheduled to be tried in January 2017 by a petit jury that will be selected from the 2015 Benton Master Jury Wheel, which is currently in use. The 2015 Benton Master Jury Wheel was selected according to the 2011 Jury Plan. However, his petit jury will be selected according to the 2015 Jury Plan. Because the 2015 Benton Master Jury Wheel is still active, disclosure is only permitted pursuant to 28 U.S.C. § 1867(f) as necessary to challenge compliance with JSSA in an ongoing case.

In light of these requirements, the Court **GRANTS in part** and **DENIES in part** Watts'

motion (Doc. 131) as follows:

- The Court **GRANTS** the request in paragraph 1 to the extent it requests inspection reproduction and copying of the 2011 Jury Plan and the 2015 Jury Plan. The 2015 Jury Plan is posted on the Court's website. The link may be found in the last paragraph under the Jury Information tab at http://www.ilsd.uscourts.gov. The Clerk of Court is **DIRECTED** to provide a copy of the 2011 Jury Plan for inspection, reproduction and copying, if she has not already done so. Watts has not demonstrated how the other materials requested in this paragraph are necessary in the preparation or presentation of a motion to challenge compliance with JSSA.

- The Court **DENIES** the request in paragraph 10 for information concerning the delegation of excusal responsibilities. That information is contained in the 2011 Jury Plan and 2015 Jury Plan, to which counsel has been granted access pursuant to his request in paragraph 1.

- With respect to the information requested in paragraphs 2-9 and 11-13, the Court **GRANTS** the motion to the extent it seeks inspection, reproduction and copying of records and papers subject to inspection under the 2015 Jury Plan relating to the 2013 and 2015 Benton Master Jury Wheel.

- The Court has been informed that the Clerk of Court has already made the aforementioned records and papers relating to the 2013 Benton Master Jury Wheel available for inspection, reproduction and copying. The Court further finds the same set of records and papers with respect to the 2015 Benton Master Jury Wheel are necessary to challenge compliance with JSSA in the selection of the petit jury and, accordingly, **DIRECTS** the Clerk of Court to make the aforementioned disclosable records and papers relating to the 2015 Benton Master Jury Wheel available for inspection, reproduction and copying on or before January 29, 2016. If necessary, counsel shall arrange with the Clerk of Court a reasonable time to inspect, reproduce and copy the records and papers at the East St. Louis Courthouse. Government counsel shall be given equal opportunity to inspect, reproduce and copy the records and papers under the same conditions.

- The motion is **DENIED without prejudice** in all other respects. Should counsel believe additional materials requested under paragraphs 2-9 and 11-13 are necessary to the preparation or presentation of a motion challenging compliance with JSSA, they may file a new motion on or before February 12, 2016, specifically explaining how each item sought is necessary to such a challenge. Counsel will be given a fair opportunity to file a motion challenging compliance with JSSA in the selection of the grand jury following any additional disclosures that may be ordered at a later time.

Further, in accordance with 28 U.S.C. § 1867(f) and the 2015 Jury Plan, which limit the

purpose for which public disclosure is permitted, and because the records and papers subject to

inspection likely contain private personal information regarding potential jurors, access to these materials shall be subject to a protective order entered with this order.

**IT IS SO ORDERED.**
**DATED:   December 17, 2015**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**