IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :   Case No.  14-cr-40063-JPG |
| | : |
| JAMES NATHANIEL WATTS | : |
| | : |
| **Defendant.** | : |

**MEMORANDUM AND ORDER**

Before the Court is the Government's Motion to Evaluate Defendant for Intellectual Disability in Response to Defendant's Motion to Strike the Notice of Intent to Seek the Death Penalty (Doc. 332).  Having considered the motion, being fully advised of its premises, and for good cause shown, the Court **GRANTS** the Government's motion (Doc. 332) subject to the conditions set forth below.

The Court finds these conditions protect against violation of Watts' Fifth Amendment right against self-incrimination.  Watts has placed in issue whether he is intellectually disabled as understood in *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Hall v. Florida*, 134 S. Ct. 1986 (2014), and has introduced evidence of his disability from an expert who has examined him. Under *Buchanan v. Kentucky*, 483 U.S. 402 (1987), and *Kansas v. Cheever*, 134 S. Ct. 596 (2013), the Government is entitled to rebut Watts' presentation using its own evidence from an expert who has examined Watts.  *Buchanan*, 483 U.S. at 422-23; *Cheever*, 134 S. Ct. at 601. The Court is confident that under the restrictions set forth below, the Government will only be able to use the evidence for the "limited rebuttal purpose," *Buchanan*, 483 U.S. at 424; *Cheever*, 134 S. Ct. at 603, of countering Watts' claim that he is intellectually disabled.  *See Powell v. Texas*, 492 U.S. 680, 685-86 (1989) (*per curiam*) (defendant does not "open the door" to admission of mental health evidence on all mental health issues by placing limited mental health

issues in question).  Accordingly, observation of the restrictions set by the Court will ensure that Watts' Fifth Amendment rights are not violated.

The Court further finds that examination under the following conditions will not violate Watts' Sixth Amendment rights to counsel.  A defendant's Sixth Amendment right to counsel is violated when his counsel is not given advance notice of the scope, nature and purposes for which a mental health examination is performed such that counsel can advise the defendant in making the decision whether to submit to the examination.  *Estelle v. Smith*, 451 U.S. 454, 470-71 (1981); *see Buchanan*, 483 U.S. at 424-25 (no violation where counsel knew of scope, nature and possible uses of the mental examination).  Watts has placed his intellectual ability in issue by raising an intellectual disability challenge to the death penalty, presumably after discussing the pros and cons of such a strategy with his counsel.  Further, Watts' counsel have been notified that the Government will examine Watts and that the examination results will be used for the sole purpose of countering his intellectual disability argument.  This is sufficient information to allow counsel to advise Watts further on the matter.  Accordingly, allowing the examination to proceed will not violate Watts' Sixth Amendment rights.

The Court orders the following conditions on the Government's expert's examination of Watts:

1. The Government's expert, Dr. Robert Denney, shall be permitted to evaluate defendant James Nathaniel Watts for the sole purpose of determining whether he is intellectually disabled as that condition is understood in *Atkins* and *Hall*, and Dr. Denney's evaluation shall be limited to testing and inquiries relevant to that determination.  The examination shall not include administration of the MMPI in any form at this time, but the Court will make a final determination of this question after it receives an affidavit from Dr. Denney

regarding the test's relevance, if any, to the issue of intellectual disability;

2. Dr. Denney's interview with Watts shall take place at the Williamson County Jail on July 6 and 7, 2016, or any other dates that may be mutually convenient for Dr. Denney and the Williamson County Jail, provided that all other conditions of the evaluation in this order are satisfied;

3. No statement made by Watts in the course of the evaluation, no testimony by Dr. Denney or any other expert based on the statement, and no other fruits of the statement may be admitted into evidence against Watts in his criminal proceedings except on the issue of whether Watts is intellectually disabled. If any doubt arises about whether the Government has used Watts' statements or evidence derived from those statements on other issues, the Court may require the Government to show it has not made derivative use of those statements; and

4. The Government shall provide to defense counsel all raw data relevant to testing conducted by Dr. Denney within a reasonable time after administration of the tests;

5. The Government shall provide defense counsel with a catalogue and copy of any materials reviewed and notes generated in connection with Dr. Denney's evaluation as well as the identity of all individuals interviewed in connection with Dr. Denney's evaluation. The Government shall provide defense counsel with this material at the same time it produces Dr. Denney's expert report. The parties are directed to confer concerning the date by which the report and associated materials must be disclosed to the defense.

In addition, the Court makes the following modifications to the scheduling order, which will be reflected in a separate, comprehensive amended scheduling order:

1. The Government's response to Watts' motion to dismiss the notice of intent to seek the death penalty based on *Atkins* (Doc. 319) is due September 1, 2016;

2. Watts' reply to the Government's response is due September 30, 2016; and

3. The Court will hold a hearing on the *Atkins* motion on October 24, 2016, at 9:00 a.m. in Benton, Illinois.

**DATED:  June 28, 2016**

                                                                     s/ J. Phil Gilbert  
                                                                     **J. PHIL GILBERT**  
                                                                     **United States District Judge**