IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  Case No.  14-cr-40063-JPG |
| | : |
| JAMES NATHANIEL WATTS, | : |
| | : |
| Defendant. | : |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant James Nathaniel Watts' motion to reconsider (Doc. 367) (1) the Court's June 28, 2016, order (Doc. 358) setting conditions for the Government's expert, Dr. Robert L. Denney, to evaluate Watts on the issue of intellectual disability (Doc. 358) and (2) the Court's June 30, 2016, order allowing Dr. Denney to administer the MMPI to Watts (Doc. 364). Specifically, Watts asks the Court to reconsider its decisions (1) not to require the Government to give defense counsel advance notice of the tests to be performed on Watts, (2) to allow administration of the MMPI-2-RF and (3) not to require videotaping of Dr. Denney's administration of the MMPI. The Court has reviewed the motion and its supporting declaration and declines to reconsider its prior decisions.

Notice of Tests to be Administered

The Court declines to reconsider this decision. In making its original decision, it did not rely on the "what's good for the goose is good for the gander" theory but the lack of any constitutional requirement that advance notice of specific tests be given so long as defense counsel had advance notice of the scope, nature and possible uses of the examination. *See Buchanan v. Kentucky*, 483 U.S. 402 (1987).

Administration of the MMPI

The Court declines to reconsider this decision. Dr. Denney has provided evidence that the MMPI results are relevant to his intellectual disability analysis, and the Court will not second-guess his

expert opinion to prevent him from doing what he, in his expert opinion, believes is proper to conduct his intellectual disability evaluation. The admissibility and weight of such evidence can and will be argued at the *Atkins* hearing.

Further, the Court is confident that defense counsel will diligently watch for use of those results for any purpose other than intellectual disability and will bring such suspected improper use to the Court's attention. The Court rejects defense counsel's request that it prohibit Dr. Denney from disclosing any of Watts' responses to the MMPI-2-RF questions to prosecutors without prior permission of the Court after notice to the defense, although it suggests that such a voluntarily imposed wall, to the extent possible, would go far to protect against improper use of Watts' statements.

Videotaping

The Court declines to reconsider this decision. Defense counsel reargues points the Court has already considered and rejected.

For the foregoing reasons, the Court **DENIES** Watts' motion to reconsider (Doc. 367).

**IT IS SO ORDERED.**
**DATED:  July 6, 2016**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **United States District Judge**