UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>vs.<br><br>JAMES NATHANIAL WATTS,<br><br>Defendant | Case Number:  14-cr-40063-JPG-01 |

## **MEMORANDUM AND ORDER**

Defendant James Nathaniel Watts has filed two motions for return of property taken from him in connection with his arrest (Docs. 669 & 674).  The first motion seeks an unknown amount of cash Watts claims was seized from his person; the second, expressly filed under Federal Rule of Criminal Procedure 41(g), seeks $365 Watts claims was removed from his pocket during his arrest and a new cell phone that was seized from his mother.  The Government has responded to the first motion urging the Court to open this matter as a separate civil action (Doc. 671).

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  "[O]nce a defendant has been convicted, a motion under Rule 41(g) is deemed to initiate a *civil* equitable proceeding."  *United States v. Shaaban*, 602 F.3d 877, 878-79 (7th Cir. 2010) (emphasis in original).  Such a civil action is subject to the Prisoner Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  *Shaaban*, 602 F.3d at 878-79; *United States v. Stevens*, 500 F.3d 625, 629 (7th Cir. 2007).  Thus, the Court must observe the PLRA's procedural requirements, including the imposition of a partial filing fee and merits review.  The appropriate mechanism for doing this would be in a separate civil case where, if necessary, the criminal

defendant could raise other civil theories of relief.  *See United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010); *Chairez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004).

Accordingly, the Court **DENIES** the defendant's motions **without prejudice** in this case (Docs. 669 & 674) and **DIRECTS** the Clerk of Court to refile the second, more specific, motion (Doc. 674) as the complaint in a separate civil case with the first, more general, motion (Doc. 669) as an attachment.  The complaint shall have a filing date of February 15, 2024, the date the first motion was filed.  The Court will then proceed to assess the proper PLRA filing fee and conduct a preliminary review of the new case.  *See* 28 U.S.C. §§ 1915(b) & 1915A(a).

**IT IS SO ORDERED**
**Dated:  June 3, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**